Justice KENNEDY, concurring.
As the Court explains, this case concerns earlier convictions under state statutes classified by cases in the Courts of Appeals, and now in today's opinion for the Court, as "indivisible." See, e.g., United States v. Aguila-Montes de Oca, 655 F.3d 915 (C.A.9 2011) (en banc) (per curiam ); United States v. Beardsley, 691 F.3d 252 (C.A.2 2012). This category is used to describe a class of criminal statutes that are drafted with a single set of elements that are broader than those of the generic definition of the corresponding crime enumerated in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).
Just one of the substantial concerns that the Court is correct to consider is that, in the regular course of the criminal process, convictions may be entered, often by guilty pleas, when either the attorney or the client, or both, have given no consideration to possible later consequences under ACCA. See ante, at 2289 - 2290. As a result, certain facts in the documents approved for judicial examination in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), may go uncontested because they do not alter the sentencing consequences of the crime, even though their effect is to require a later enhancement under ACCA. This significant risk of failing to consider the full consequences of the plea and conviction is troubling.
*279 Balanced against this, as Justice ALITO indicates, is that the dichotomy between divisible and indivisible state criminal statutes is not all that clear. See post, at 2301 - 2302 (dissenting opinion). The effect of today's decision, moreover, is that an unspecified number, but likely a large number, of state criminal statutes that are indivisible but that often do reach serious crimes otherwise subject to ACCA's provisions, *2294 now must be amended by state legislatures. Otherwise, they will not meet federal requirements even though they would have come within ACCA's terms had the state statute been drafted in a different way. This is an intrusive demand on the States.
On due consideration, the concerns well expressed by the Court persuade me that it reaches the correct result. The disruption to the federal policy underlying ACCA, nevertheless, is troubling and substantial. See post, at 2301 - 2302 (ALITO, J., dissenting). If Congress wishes to pursue its policy in a proper and efficient way without mandating uniformity among the States with respect to their criminal statutes for scores of serious offenses, and without requiring the amendment of any number of federal criminal statutes as well, Congress should act at once. It may then determine whether ACCA's design and structure should be modified to meet the concerns expressed both by the Court and the dissenting opinion.
With these observations, I join the opinion of the Court.
Justice THOMAS, concurring in the judgment.
Petitioner Matthew Descamps was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), which subjected him to a maximum sentence of 10 years' imprisonment. The District Court, however, applied an Armed Career Criminal Act (ACCA) enhancement with a mandatory minimum of 15 years based in part on Descamps' earlier California conviction for burglary. See § 924(e). The California *280 law says that any "person who enters" any of a number of structures "with intent to commit grand or petit larceny or any felony is guilty of burglary." California Penal Code Ann. § 459 (West 2010). That law does not, on its face, require the jury to determine whether the entry itself was unlawful, a required element of the so-called "generic" offense of burglary that qualifies as an ACCA predicate. See Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The majority holds that a court may not review the underlying facts of Descamps' state crime to determine whether he entered the building unlawfully and, thus, that his burglary conviction may not be used as a predicate offense under ACCA. While I agree with the Court's conclusion, I disagree with its reasoning.
I have previously explained that ACCA runs afoul of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it allows the judge to "mak[e] a finding that raises [a defendant's] sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant." James v. United States, 550 U.S. 192, 231, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (dissenting opinion) (internal quotation marks omitted). Under the logic of Apprendi, a court may not find facts about a prior conviction when such findings increase the statutory maximum. This is so whether a court is determining whether a prior conviction was entered, see 530 U.S., at 520-521, 120 S.Ct. 2348 (THOMAS, J., concurring), or attempting to discern what facts were necessary to a prior conviction. See James, supra , at 231-232, 127 S.Ct. 1586 (THOMAS, J., dissenting). In either case, the court is inappropriately finding a fact that must be submitted to the jury because it "increases the penalty for a crime beyond the prescribed statutory maximum." Apprendi, supra, at 490, 120 S.Ct. 2348
In light of the foregoing, it does not matter whether a statute is "divisible" or "indivisible," see ante, at 2278 - 2280, and courts should not have to struggle with the *2295 contours of the so-called "modified categorical" approach. Ibid. *281 The only reason Descamps' ACCA enhancement is before us is "because this Court has not yet reconsidered Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which draws an exception to the Apprendi line of cases for judicial factfinding that concerns a defendant's prior convictions." Shepard v. United States, 544 U.S. 13, 27, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (THOMAS, J., concurring in part and concurring in judgment). Regardless of the framework adopted, judicial factfinding increases the statutory maximum in violation of the Sixth Amendment. However, because today's opinion at least limits the situations in which courts make factual determinations about prior convictions, I concur in the judgment.